Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
NICOLE STANFORD

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE STANFORD, <br><br> Plaintiff, <br><br> v. <br><br> SPP, INC. and DNF ASSOCIATES, LLC, <br><br> Defendants. | Case No.:  '22CV0686 RBM KSC <br><br> **PLAINTIFF'S COMPLAINT** |

**PLAINTIFF'S COMPLAINT**

Plaintiff, NICOLE STANFORD ("Plaintiff"), by and through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, SPP, INC. and DNF ASSOCIATES, LLC ("SPP" and "DNF" respectively and "Defendants" collectively):

**INTRODUCTION**

1. Counts I and III of Plaintiff's Complaint are based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Counts II and IV of Plaintiff's Complaint are based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Encinitas, San Diego County, State of California.

8. Plaintiff is a consumer as that term is defined by the FDCPA and RFDCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and RFDCPA.

10. Each Defendant is a debt collector as that term is defined by the FDCPA and RFDCPA.

11. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

12. SPP is a Georgia business corporation based in the City of Duluth, Gwinnett County, State of Georgia.

13. DNF is a New York limited liability company based in the Hamlet of Getzville, Town of Amherst, Erie County, State of New York.

14. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

16. The principal purpose of Defendants' businesses is the collection of debts allegedly owed to third parties or originally owed to third parties.

17. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties or originally owed to third parties.

18. During the course of their attempts to collect debts allegedly owed to third parties or originally owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

20. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from an unpaid Celtic Bank/Indigo MasterCard credit card account (5100-0400-1370-3347).

21. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

22. At all times relevant hereto, DNF owned the alleged debt.

23. At all times relevant hereto, SPP was engaged by DNF to collect the alleged debt.

24. SPP calls Plaintiff's cellular telephone at 760-579-2863 in an attempt to collect the alleged debt.

25. In or around June 2021, Plaintiff answered at least three of SPP's collection calls.

26. During the above-referenced collection calls, Plaintiff told SPP's collector to stop calling Plaintiff.

27. Despite Plaintiff telling SPP to stop calling Plaintiff, SPP continued to place collection calls to Plaintiff's cellular telephone number unabated in an attempt to collect the alleged debt.

28. On or about June 15, 2021, Defendant emailed a collection letter ("Collection Letter") to Plaintiff.

29. The Collection Letter, *inter alia*, states that:

> Unless you dispute the validity of this debt, or portion thereof, within 30 days from receipt of this notice. The debt will be assumed to be valid by SPP Inc.
>
> If you dispute the above listed or any portion whereof within 30 days of receipt of this, SPP Inc. will obtain verification of the debt or a copy of a judgement against you and a copy of such verification or judgement will be mailed and/or emailed to you.

30. The Collection Letter, *inter alia*, also states that:

> Pursuant to the terms of the contract, formal demand is now made for you to pay the balance owed immediately from the receipt of this letter.

31. Even though the Collection Letter includes disclosures with regard to a consumer's rights to dispute the validity of a debt, the false, deceptive, or misleading representations regarding immediate payment overshadow or are inconsistent with those rights.

32. Under the FDCPA, validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the least sophisticated consumer.

33. Despite SPP having already located Plaintiff, and having communicated with Plaintiff, SPP engaged in a further campaign of harassment by calling/texting Plaintiff's friends and family, including Plaintiff's minor daughter, in an attempt to collect the alleged debt.

34. In connection with its communications with Plaintiff's family and friends, SPP feigned being a friend of family number that had simply forgotten Plaintiff's telephone number.
35. SPP's actions were calculated to embarrass and coerce Plaintiff into payment of the alleged debt.
36. The natural consequences of SPP's actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owed.
37. The natural consequences of SPP's actions were to produce an unpleasant and/or hostile situation between Plaintiff and SPP.
38. The natural consequences of SPP's actions were to cause Plaintiff mental distress.
39. SPP's actions constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to her legally protected interest of her individual privacy.

**COUNT I**
**SPP, INC. VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

40. SPP violated the FDCPA based on the following:
    a. SPP violated § 1692b of the FDCPA by contacting Plaintiff's family and friends after already communicating with Plaintiff—clearly an attempt to embarrass and coerce Plaintiff into payment of the alleged debt;
    b. SPP violated § 1692b(1) of the FDCPA by contacting Plaintiff's family and friends and failing to make the statements/disclosures required by this subsection;
    c. SPP violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when SPP engaged in all of the misconduct alleged herein;
    d. SPP further violated § 1692d of the FDCPA when Defendant ignored Plaintiff's

request that Defendant stop calling Plaintiff and continued to call Plaintiff unabated in an attempt to collect the alleged debt;

e. SPP violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when SPP ignored Plaintiff's request that SPP stop calling her and continued to call Plaintiff unabated in an attempt to collect the alleged debt;

f. SPP violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when SPP created the false impression on Plaintiff that SPP was permitted by law to violate the FDCPA with impunity when attempting to collect a debt from Plaintiff;

g. SPP violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when SPP created the false impression on Plaintiff that SPP was permitted by law to violate the FDCPA with impunity when attempting to collect a debt from Plaintiff;

h. SPP violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when SPP engaged in all of the foregoing misconduct; and

i. SPP violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Plaintiff received SPP's Collection Letter that overshadows or is inconsistent with disclosure of consumer's right to dispute the alleged debt.

WHEREFORE, Plaintiff, NICOLE STANFORD, respectfully requests judgment be entered, both jointly and severally, against Defendant, SPP, INC., for the following:

41. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

42. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

43. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## SPP, INC. VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff repeats and re-alleges paragraphs 1-40 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

45. SPP violated the RFDCPA based on the following:

    a. SPP violated the § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called, when SPP continued to place collection calls to Plaintiff after Plaintiff requested that SPP stop calling her; and

    b. SPP violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* as detailed *supra* in Count I.

WHEREFORE, Plaintiff, NICOLE STANFORD, respectfully requests judgment be entered, both jointly and severally, against Defendant, SPP, INC., for the following:

    a. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

    b. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

   c. Any other relief that this Honorable Court deems appropriate.

## COUNT III:
## DNF ASSOCIATES, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 40 of this Complaint as though fully stated herein under Count III of Plaintiff's Complaint.

47. As alleged above, DNF is a debt collector as defined by the FDCPA.

48. DNF engaged the services of fellow debt collector SPP to collect the alleged debt from Plaintiff.

49. DNF has the burden to monitor the activities of SPP.

50. SPP violated the FDCPA.

51. DNF is vicariously liable for the unlawful collection activities carried out by SPP on its behalf.

WHEREFORE, Plaintiff, NICOLE STANFORD, respectfully requests that judgment be entered, both jointly and severally, against Defendant, DNF ASSOCIATES, LLC, for the following:

52. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

53. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

54. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

55. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## DNF ASSOCIATES, LLC VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

56. Plaintiff repeats and re-alleges paragraphs 44-45 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

57. As alleged above, DNF is a debt collector as defined by the RFDCPA.

58. DNF engaged the services of fellow debt collector SPP to collect the alleged debt from Plaintiff.

59. DNF has the burden to monitor the activities of SPP.

60. SPP violated the RDCPA.

61. DNF is vicariously liable for the unlawful collection activities carried out by SPP on its behalf.

WHEREFORE, Plaintiff, NICOLE STANFORD, respectfully requests that judgment be entered, both jointly and severally, against Defendant, DNF ASSOCIATES, LLC, for the following:

    a. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

    b. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

    c. Any other relief that this Honorable Court deems appropriate.

DATED: May 16, 2022

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By /s/ Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff
NICOLE STANFORD